```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

JOHNNY BERNARD LEE, SR.,         :
                                 :
     Petitioner,                 :
                                 :
V.                               :    CASE NO. 3:04-CV-1152 (RNC)
                                 :
WARDEN, ET AL.,                  :
                                 :
     Respondents.                :
```

RULING AND ORDER

Petitioner, a Connecticut parolee, seeks habeas relief under 28 U.S.C. § 2254.  For reasons set forth below, the amended petition is dismissed.

I. Background

In 2000, after a jury trial in Connecticut Superior Court, petitioner was convicted of sexual assault in the first degree and other crimes and acquitted on a number of other charges.  He was sentenced to prison for fifteen years, suspended after eight years, and five years probation.  State v. Lee, No. CR99481790, 2003 WL 22205667 (Conn. Super. Ct. Sept. 5, 2003).  On appeal, he challenged the trial court's refusal to grant a new trial on the basis of alleged acts of prosecutorial misconduct.  The Appellate Court affirmed, see State v. Lee, 70 Conn. App. 902, 798 A. 2d 1011 (2002), and the Supreme Court denied certification to appeal.  State v. Lee, 261 Conn. 904, 802 A.2d 855 (2002).

Before the appeal was completed, petitioner filed two state habeas petitions that were later consolidated.  The consolidated

petition was amended to include a total of seven claims, including ineffective assistance of trial and appellate counsel, prosecutorial misconduct and judicial misconduct.  The state habeas court held a hearing and issued an oral decision.  The court observed that the claims of prosecutorial and judicial misconduct had been withdrawn with prejudice, leaving only the claims of ineffective assistance of counsel, which were dismissed on the merits.  Petitioner appealed the denial of the claims alleging ineffective assistance of counsel.  The Appellate Court affirmed, Lee v. Comm'r of Corr., 82 Conn. App. 905, 848 A.2d 1293 (2004), and the Supreme Court denied certification to appeal.  Lee v. Comm'r of Corr., 270 Conn. 906, 853 A.2d 521 (2004).  Petitioner then brought this action.

The amended petition contains claims alleging: (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) judicial misconduct, (4) erroneous denial of a motion for a speedy trial, (5) use of fabricated evidence at trial, (6) malicious prosecution and (7) actual innocence.  Petitioner has exhausted state remedies with regard to claims 1 and 2 and part of claim 3 (relating to the trial judge's refusal to grant a new trial based on alleged acts of prosecutorial misconduct) but not with regard to the other claims.  In a prior ruling, his request for a stay on the exhausted claims to enable him to exhaust state remedies on the other claims was denied under Rhines v. Weber,

544 U.S. 269 (2005), because good cause had not been shown for his previous failure to exhaust state remedies. See id. at 276-77 (stay may be granted if petitioner shows good cause for failing to exhaust state remedies). Respondents were ordered to file and serve a brief addressing the merits of the exhausted claims, which they have done.

II. Discussion

Under § 2254(d)(1), federal habeas relief is not available for a claim adjudicated on the merits in state court unless the petitioner shows that the state court's decision is (1) "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court" or (2) "based on an unreasonable determination of the facts." Petitioner has not made this showing.

    A. Ineffective Assistance of Counsel

Petitioner claims that he received ineffective assistance of counsel at trial and on appeal.[1] To obtain relief on the basis of this claim, he must prove that his counsel's performance was seriously deficient and that his counsel's errors actually prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

---

[1] In his state habeas petition, petitioner claimed that he received ineffective assistance of counsel at sentencing. The habeas court dismissed this claim on the merits, and the dismissal was not challenged on appeal.

Petitioner speculates that if his trial counsel had conducted a more thorough investigation, he would have uncovered evidence sufficient to change the outcome of the trial.  He does not point to any evidence his counsel failed to uncover.  After conducting an evidentiary hearing, the state habeas court decided that the performance of petitioner's trial counsel was "exemplary."  Petitioner has not shown that the state court's rejection of his claim is inconsistent with federal law.

Petitioner claims that his appellate counsel was ineffective because he failed to "exhaust all potential issues."  To establish that his counsel's performance was deficient, petitioner must show that "a particular nonfrivolous issue was clearly stronger than issues that counsel did present."  Smith v. Robbins, 528 U.S. 259, 288 (2000); see Jackson v. Leonardo, 162 F.3d 81, 85 (2d Cir. 1998)(petitioner must show that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker").  Petitioner fails to identify any issue that should have been raised on appeal, much less an issue that meets this test.  The state court found that the decision of his counsel to focus on one issue - prosecutorial misconduct - was strategic in nature.  The state court's ruling reflects proper application of federal law.

B. Prosecutorial Misconduct

Petitioner claims that two instances of prosecutorial

4

misconduct provide grounds for habeas relief: (1) the prosecutor asked him in the presence of the jury whether he had assaulted his wife in the past, and (2) the prosecutor also asked him whether he had engaged in an extramarital affair.  Objections to both questions were sustained.  Before counsel objected, however, petitioner denied assaulting his wife and admitted having the affair.  The trial judge instructed the jury to disregard the question about the assault and to disregard both the question and answer regarding the affair.  To obtain relief based on the prosecutor's questions, petitioner must show that they had a substantial and injurious effect or influence in determining the jury's verdict.  See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993) (prosecutor's use of defendant's post-Miranda silence for impeachment purposes did not have substantial and injurious effect on jury's verdict); Miranda v. Bennett, 322 F.3d 171, 180 (2d Cir. 2003) (prosecutor's acts give rise to a constitutional claim only when such acts constitute "egregious misconduct").

Respondents argue that the prosecutor's questions constituted no more than ordinary trial error, any prejudice was cured by the trial court's instructions, and the effect of the questions "did not impair the jury's ability to weigh the evidence and acquit the petitioner of numerous charges."  Resp'ts Mem. in Opp'n at 15.  I agree.  The jury's verdict acquitting petitioner on a number of charges undercuts his claim that the

5

prosecutor's questions had a substantial, injurious effect. Thus, the state court's rejection of this claim was not contrary to federal law.

    3. <u>Judicial Misconduct</u>

Petitioner claims that the trial judge was required to grant a new trial because of the prosecutor's misconduct in asking the two questions just discussed.  Since there is no reason to believe the questions had a substantial, injurious effect, the state court's rejection of this claim was proper.

III. <u>Conclusion</u>

Accordingly, the amended petition is hereby dismissed.  A certificate of appealability will not issue.

So ordered this 24th day of February 2009.

                                             /s/ RNC
                                    Robert N. Chatigny
                            United States District Judge